**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

SHANNEIL WOOTEN                                                         PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:25-CV-807-JHM

LOUISVILLE METRO GOVERNMENT, et al.                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Shanneil Wooten filed the instant *pro se* action proceeding *in forma pauperis*.  This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, this case will be dismissed.

## I. SUMMARY OF ALLEGATIONS

Plaintiff sues the Louisville Metro Government (LMG), Louisville "Police," Cabinet for Health and Family Services (CHFS) "Guardianship," Morgan and Morgan "attorney," Norton Hospital, and LMG "Police and Government."[1]

As the basis for jurisdiction, the complaint states, "death of ward and whistleblower on false claims," and as the amount of controversy "500,000 – 2.1 billion false claims and fees."  The statement-of-claims portion states: "CHFS held Lillian Clayton against her will for nine months and there is no documentation stating as healthcare being retaliated for speaking up."  In the relief section, Plaintiff states: "To hold each accountable and refund money illegally taken from the client.  500,000,000 paid to Morgan for injury and they didn't report the death of a ward of state tortured to death."

---

[1] Other than naming them as Defendants, the complaint makes no reference to the LMG, the "Police," Norton Hospital, or "Police and Government."

Among the attachments to the complaint is a document referring to the "wrongful death of Lillian Clayton" and a letter addressed to the "estate of Lillian R. Clayton" from the Centers for Medicare and Medicaid Services indicating that a payment had been received and applied to the outstanding debt due to Medicare.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is not required to accept non-

specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).

Additionally, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678 (cleaned up).

Here, Plaintiff's complaint does not meet the Rule 8(a) standard, and for the following reasons the Court holds that allowing Plaintiff to amend to comply with Rule 8(a) would be futile.

### III. ANALYSIS

Reading the complaint liberally, the Court interprets the complaint as bringing claims for the wrongful death of Lillian Clayton, who apparently was a "ward" of CHFS, retaliation by CHFS against Ms. Clayton under 42 U.S.C. § 1983 and Kentucky's whistleblower law, and a claim against an attorney or attorneys at the law firm of Morgan and Morgan.[2]

---

[2] The complaint also refers to Marsy's Law, which provides certain rights to crime victims during criminal proceedings and thus has no application in this civil action.

Kentucky state-court records for the probate case for the estate of Lillian Clayton, Jefferson District Court, No. 20-P-00148, show that Ms. Clayton died intestate on March 31, 2019, leaving five heirs; Plaintiff, the deceased's granddaughter and one of the heirs, was appointed as Administrator; and the law firm of Morgan and Morgan handled decedent's personal-injury claim which was settled for $65,913.11.[3]  According to a filing in the probate case, that amount was sent directly to Plaintiff who deposited it into the estate account and then spent the entire amount herself, leaving the four other heirs without their share.  Thereafter, a public administrator was appointed.  The probate case was closed on May 24, 2023.

The case brought by Morgan and Morgan on behalf of the estate, *Wooten, Administratrix of the Estate of Lillian Clayton v. Christian Care Communities, Inc.*, No. 21-CI-29, was dismissed on January 24, 2023.

The Court also notes that the state-court records show that two of the heirs have sued Plaintiff in state court regarding their share of the inheritance.  *Allen v. Wooten*, No. 23-CI-3760, and *Lewis v. Wooten*, No. 23-CI-5193.  Those cases are still pending.

### A. Wrongful Death

Plaintiff cannot now bring a wrongful death suit on behalf of Ms. Clayton because "one who is not the personal representative of an estate may not maintain a cause of action for wrongful death." *Bryant v. Turney*, No. 5:11-CV-00128-TBR, 2012 WL 4471589, at *5 (W.D. Ky. Sept. 26, 2012) (citing *Everley v. Wright,* 872 S.W.2d 95 (Ky. App. 1993) (affirming dismissal of wrongful death action where no one, including the decedent's wife who was pursuing the claim, had been appointed personal representative); *Lewis v. Harper,* 371 F.2d 555 (6th Cir. 1967) (applying

---

[3] The Court takes judicial notice of the online records of the Circuit and District Courts of Jefferson County, Kentucky. *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009); *Gardner v. Young*, No. CV 5: 22-20-KKC, 2022 WL 303664, at *1 (E.D. Ky. Feb. 1, 2022) (taking judicial notice of the online records of Kentucky state courts).

Kentucky law and affirming dismissal of wrongful death claim not brought by personal representative)).[4]

Furthermore, Ms. Clayton's estate no longer exists. "[O]nce an estate has been fully and finally closed, it ceases to exist as a legal entity and, therefore, cannot have a formal legal representative, as the term is used in ordinary probate law." *Gervasi v. Warner/Chappel Music a Div. of Warner Music Grp. Corp.*, No. 3:12-CV-0627, 2018 WL 705631, at *3 (M.D. Tenn. Feb. 5, 2018) (collecting cases); *Young v. Moore*, 127 F. Supp. 265, 269 (E.D. Mich. 1954) ("It is a well recognized principle of law that a decedent's estate continues to exist from the time of death until closed by court order . . . . As a corollary after an order has closed the estate, it is non-existent.").

Additionally, the one-year statute of limitations for a wrongful death claim under either Kentucky law or § 1983 has run. *See DeLong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2008) (noting that a one-year statute of limitations applied to claims under § 1983 and to negligence claims under Kentucky law). Accordingly, the Court finds that an opportunity to amend the complaint in this regard is not warranted here.

### B. Retaliation under § 1983 and the Kentucky Whistleblower Act

Plaintiff cannot bring a retaliation claim under § 1983 on behalf of Ms. Clayton. In the Sixth Circuit, "a § 1983 claim is 'entirely personal to the direct victim of the alleged constitutional tort.'" *Barber v. Overton*, 496 F.3d 449, 457 (6th Cir. 2007) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)); *see also Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010) ("Therefore, only the victim or his estate's representative may bring a § 1983 claim, and 'no cause of action may lie under § 1983 for emotional distress, loss of a loved

---

[4] Two exceptions exist, but they do not apply here. *See Bryant v. Turney*, 2012 WL 4471589, at *5.

5

one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members.") (internal quotation marks and citation omitted).

And the Kentucky Whistleblower Act's protection from retaliation has no application here. "The [Kentucky Whistleblower Act] protects public employees from retaliation when they disclose or report violations of law or mismanagement." *Lewis-Smith v. W. Ky. Univ.*, 85 F. Supp. 3d 885, 912 (W.D. Ky. 2015); *see also* Ky. Rev. Stat. § 61.102. Therefore, the Court will not allow amendment on these claims.

### C. Morgan and Morgan

Finally, Plaintiff cannot bring a claim against Morgan and Morgan or its attorneys on behalf of the estate because she no longer represents the estate and the estate no longer exists. Moreover, given the documents in the probate court's record, the Court finds Plaintiff's claim that "[$]500,000,000 [was] paid to Morgan for injury" entirely implausible.[5] And Plaintiff points to no authority that required the law firm of Morgan and Morgan or their employees to "report" the death of "a ward of state," and the Court eschews this attempt to attribute to a private law firm or its employees a duty to Plaintiff to "report" (to persons unknown) the death of Ms. Clayton. In any event, as explained above, Plaintiff does not represent the estate, which no longer exists. Consequently, an opportunity to amend is unnecessary here as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:    April 22, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009

---

[5] The amount of $65,913.11 reported as the settlement in the wrongful death case is found in the motion to close the estate filed by the Jefferson County Public Administrator in the probate case, No. 20-P000148.

6